COURT OF APPEALS RECEIVED JUL 10 2024 FIFTH CIRCUIT

23-30264

# United States Court of Appeals for the Fifth Circuit

Dodiyi J. Williamwest, Plaintiff-appellant

versus

Sherry Richardson, et al, Defendant-appellees

versus

Scott Frank/Lafayette Process Servers, et al, Defendant-appellee

Appeal # 23-30264 Williamwest v. Richardson, et al
USDC # 2:21-CV-800

## Alternative Writs of Mandamus

1.

Now into court come Dodiyi J. Williamwest, pro se plaintiff-appellant, and upon suggestion to the court that he was surprised that the Court he sort to remove from the bench for perjury, and suppression of evidence and fraud and misrepresentation is still allowed to rule on its recusation, process of facts on IFP affidavit of 6-26-2023, therefore, move this court for alternative writ of mandamus reversing the orders denying him in forma-pauper status a second time on June 10, 2024, & for all equitable remedy that is just and proper at the cost of defendants.

2.

Plaintiff-appellant, Dodiyi J. Williamwest, desire alter writ of mandamus commanding an independent body to look at the IFP affidavit to see if plaintiff, whose assets and body had been seized and falsely imprisoned in a psychiatric prison, can pay fees Defendants admitted that he is not

23-30264

a psychiatric case; (*Exh. p.8 reiterated by ref and made part hereof* the defendants who are still holding him and his assets captive are running free after he had filed a lawsuit and appeal) he does not know how to pay costs as they accrue; he had filed IFP affidavit on 6-26-2023 and Appeal brief on August 30, 2023, to no avail.

3.

Exhibits attached to a pleading is part for all purposes, and when complaint that contain civil and criminal charge are handled, the criminal charges are handled first, not suppressed. Here, court that had suppressed evidence adduced on trial and accepted perjury and illegal documents to dismiss charges is still allowed to control case.

4.

Attorney's as a person's signature signifies that they know what they are saying to be true, and keeps matters authentic, and legal; but a court that does not understand a legal paper should not be allowed to judge, because its ruling will not be based on nothing, but the whole truth, as required by law. *The clerk refused to correct appellees' list.

5.

Plaintiff-appellant's brief was filed within forty days of being prompted on July 21, 2023, therefore it is not premature. Unrepresented persons, ignorant of the law are encouraged to hire attorney or be appointed one and not to avoid process served.

Page # II

23-30264

6

a. The role of Court of Appeals in maintaining law and order is to review, or supervise facts and laws as prescribed and practiced with the rules constituted for process in the Lower Court without making rules inconsistent.

Nobody is above the Court of appeals is to abide by law and order and not give wrong information based on hearsay.

Wherefore plaintiff-appellant pray that alternative writ of mandamus issue, commanding independent body to recuse court and approve IFP affidavit, annulling and setting aside illegal pleadings, orders, judgments and process used to dismiss default; removal from office the perpetrators; reissuing default judgment and awarding punitive damages (treble damages), releasing appellant from prison, at the cost of the appellees, and for all equitable remedy that is just and proper under these premises.

Respectfully Submitted By

[signature]    7-2-2024

Dodiyi J. Williamwest

Page # III

#23-30264

## Table of Contents

Cover Page ---------------------------------- pp. I-III
Table of Contents --------------------------- p. IV
Table of Authorities ------------------------ p. IV
Jurisdiction -------------------------------- p. IV
Statement of Issues Presented for Review ---- pp. 1-2
Statement of case setting out relevant facts - p. 3
Summary of Argument ------------------------- pp. 4,5,6 & 7
The argument -------------------------------- pp. 8,9
Conclusions --------------------------------- p. 10
Verification -------------------------------- p. 11

## Table of Authorities

FRCP Rules 4; Rule 11; Rule 55(a)
Fed. R. App. P 30.14; Fed R. App. P 32(d)
15 USCA § 1; 42 USC § 1983; 42 USC § 1985
US Constitution Amend. I, II, III, IV as made applicable by the XIV
LSA C.C.P art 1001; LSA C.CR art 2004; LSA C.C art 2004

## Jurisdiction

Jurisdiction is based on appeal as a matter of right. Jurisdiction is based on amount of controversy exceeding seventy five thousand ($75,000) Dollars

#23-30264

## Issues Presented for Review

1a. Whether or not when the lower Court suppressed Conspiracy, rape, kidnap, malicious prosecution date (11-12-2020) and used illegal (unsigned pleadings) and unauthorized use of summary judgment, under the cloak of official duty, to dismiss plaintiff bonafide default judgment and complaint leading to miscarriage of justice, it is guilty of felony, by commission and omission?

b. Whether or not, when the plaintiff said on IFP affidavit, "My issues on appeal are..."(3) Judgment is speculative—and in bracket—(no signatures)" he was referring to lower Court Orders and Judgments?

2a. Whether or not plaintiff, whose default judgments had been set aside, and whose case had been dismissed with illegal pleadings and unauthorized use of summary judgments can appeal in good faith?

b. Whether or not plaintiff, whose assets and body (false imprisonment) had been seized by defendants, had ability to pay for Court costs in advance?

3.a Whether or not plaintiff, whose criminal/civil complaints and exhibits attached to pleadings had been suppressed by the court and illegal documents (unsigned pleadings) from defendants, accepted to dismiss case by unauthorized use of summary judgments is entitled to have Court recused for bias, prejudice, and being materially interested

Page I

#23-30264         Issues Presented for Review.
in the outcome of the case?

b. Whether or not a Court that used suppression of evidence, illegal pleadings, perjury, together with unauthorized use of summary judgment to defeat a bonafide default judgment without legal opposition non meritorious reason, is biased, prejudiced, and materially interested in the outcome of the case; intend to commit crime

4.a Whether or not unsigned pleadings and orders are legal and valid authentic instruments?

b. Whether or not appellees list corrected by appellant and granted by Court should be altered by clerk of Court?

5a. Whether or not brief filed by appellant as prompted by the clerk's office is premature?

b. Whether or not persons unrepresented by attorney at the lower court's proceedings are exempt from legal proceedings at the court of appeals?

6a Whether or not the court of appeals role is to review the whole record on appeal with law and evidence as practiced according to rules of procedure in the lower court (USDC)?

b Whether or not could give wrong information to litigants?
Page 2

#23-30264

## Statement of Case

On April 4, 5, 2023 the USDC entered an Order & Judgment dismissing Plaintiff-appellant's case. ~~based~~

On April 14, 2023, plaintiff appealed all Orders and Judgments.

On April 27, 2023, USDC docketed the record of appeal at the USCApp., but it was not received by him until June, 2023.

On June 5, 2023, the USCApp. dismissed the appeal for not paying fees.

On June 8, 2023, appellant filed motion for extension of time to file IFP affidavit, and correct appellees' list.

On June 26, 2023, appellant filed IFP affidavit at the USDC and copied the USCApp. with motion for reinstatement of appeal attached.

On July 14, 2023, USCApp. notified appellant that the motion had been granted.

On July 21, 2023, appellant was notified to file brief within 40 days

On August 30, 2023, plaintiff-appellant filed his brief.

On September 8, 2023, defendant-appellees requested for extension of time to file appellees' brief by Nov. 6, 2023.

On December 14, 2023, the court remanded case to USDC to approve the IFP affidavit (on a limited Remand Order)

On December 28, 2023, appellants protested the remand

On January 31, 2024, the clerk said "we will not add in a non-attorney to accept service" refering to HANO/Dorsette, Ali Hassan/ Crescent Moon, Inc, Joseph Brock/NOLA Green Roots, Scott Frank/ Jamie Whitlow. (On 4-25-2024, appellant received letters dated Sept 11, 2023 (appellees were prev...

On February 01, 2023, USCApp. notified appellant as hearsay that IFP was denied, he demanded direct notice. On 2/29/2024 he received the order de...

On March 12, 2024, he filed for rehearing which was denied on 6/10/2024

Page 3

#23-30264

## Summary of Arguments

1a. Crime is the commission or omission injuring others. Felony is any "serious crime" amount of value exceeding five hundred Dollars. When there is a complaint, containing criminal and civil offenses, the criminal offense is tried first. When the Court suppressed evidence on the face of petition, and speculated its own date, together with use of unsigned pleadings, unauthorized use of summary judgment or order, under the cloak of official duty to defeat bonafide default judgment, it becomes a felon by commission and omission, where the suppressed crime is felony, and amount in controversy exceeds five hundred Dollars. (Plaintiff's petition reiterated by reference and made part hereof as "Exh. P-App "H")

b. When the plaintiff said..."(no signatures)" in his IFP affidavit, he was not referring to the orders and judgments of the copies Court, he was referring to pleadings and documents attacking the petition and default judgment.

2.a. Unsigned pleadings are not legal documents; when they are used in unauthorized use of summary judgment, the pleadings, orders, and judgment under it is null and void, nullity of such proceedings is demandable by party in interest, at any time. Appeal from such judgment is neither frivolous, nor taken in bad faith. LSA CCP art 2004

b. A plaintiff whose is in false imprisonment by defendants, and whose assets had been seized by defendants; had no means of paying court costs in advance, and should be

Page 4

#23-30264

## Summary of Arguments

Allowed to proceed in forma-pauperis.

3a. Justice demand nothing but the whole truth. A court that has allowed illegal pleadings, perjury of its own, and encouraged subornation of perjury to defeat plaintiff's bonafide default judgment is biased, prejudiced, and materially interested in the outcome of the case, therefore, should be recused.

b. When a court cannot uphold the truth and seek a way to defeat plaintiff's bonafide claims, it should recuse its self or be removed. A court had a duty to remove its self from trial when asked to do so, because its judgment had led to miscarriage of justice. (miscarriage of justice is when there had been a final orders and judgment; conspiracy sued on remains active; petition, interrogatories, production of documents remain unanswered; and adverse parties continue to occupy things sued upon, holding complainant in prison.) Using illegal documents and procedure to defeat a legal judgment is perversion of justice; therefore the judge should be removed for vices therein; for intentional crime.

4.a Unsigned pleadings and orders have no legal value; at best, unsigned pleading is a no contest, because attorney's signature of a persons signature, indicates that they know what they are saying to be true. Unsigned pleadings and orders and the

* (See plaintiff-appellant's brief filed Aug. 30, 2023 p. 4 e 2a, p. 5 (2);
(p. 5 (2)ii), 2e), 3ai and 3 vii); referenced by reference and
made part hereof as Exh. P-App. G.

P.5

#23-30264

## Summary of Arguments

proccedure and judgment they are used ~~to make~~ are null and void; nullity of same demandable by any person they affect, at anytime. LSA C.C.P art 2004. Unsigned pleadings and documents are not authentic, they are illegal.

4b. Appellees list when made by appellant, and granted by the court, clerk of court should not add or remove persons from the list; to do otherwise will be altering the order as granted.

5a. When clerk of court prompted plaintiff-appellant on July 24, 2023 that appellants brief is due in forty days and he filed it on August 30, 2023, and defendants requested to file appellees' brief by extension of time to file up to Nov. 6, 2023, briefing is not premature because the USDC failed to timely sign its copy. Fed. R. App. P 30-14. Justice delayed is justice denied, therefore, the Court of Appeal should have approved its copy and not illegally Fed. R. App P 32(d) remand case to court, whose conduct, and integrity is under review. The brief filed on time is not premature.

b. On January 31, 2024, the clerk sent a judicial letter suggesting that parties not represented by attorney(s) at the lower court (USDC) would not be included on appeal and should not accept service; this illegal and unconstitutional: parties not represented by counsels should acquiese by paying for values sued; advising such parties not to accept proccess and participate in

Page 6

#23-30264

## Summary of Arguments

appeal is obstruction of justice and should be penalized.
LSA C.CP. art 1001, FRCP Rule 55(a) LSA C.C. art 2004

6a. The role of the Court of Appeals is to review and supervise, law and order practiced in the lower court. The rule of Law & Order fails, if the court of Appeals is not able to review the whole record on appeal, according to rules and procedure prescribed for the lower court. Court of appeals should not make its rule, inconsistent with those practiced at the lower court.

b. Nobody is above the law; persons representing the court should not give wrong information: when court told appellant on 06 February, 2024 that his informa pauperis affidavit had been denied, he protested, and it turned out that same was not denied until 2-29, 2024

Page 7

#23-30264

## Arguments

In a criminal/civil conspiracy complaint, involving crime/civil matters, which was unopposed, and default judgment issued, court suppressing evidence and used its own speculations, perjury, unsigned pleadings and unauthorized use of summary judgments, under the cloak of official duty to set aside defaults and dismissed claims is guilty of felony, where the crime is a serious one and the amount in controversy exceeds five hundred dollars.

Plaintiff's relief in a civil/criminal conspiracy case, in which illegal pleadings, perjury, unauthorized use of summary judgments to dismiss claims and judgment, is to annul vices: removal of perpetrators from office, reissue judgments, awarding punitive damages: treble damage, if crime is a serious one and the amount in controversy exceeds five hundred dollars. LSA CCP art 2004, et seq, 15 USCA §1, 42 USC §1983, 42 USC §1985, FRCP 55(a)

Where a court was asked to recuse for bias, and rehearing sort, Court that re asserts itself and still avoided answering, "whether prisoner, whose assets had been seized is able to pay for costs as they accrue?" and ruled on whether "appeal is frivolous and in bad faith?" on 6-10, 2024, is interested in the outcome of the case: it should be removed and another court alloted to approve IFP affidavit.

Appellees list, made by appellant and granted by the court, should be copied, word for word, and not be altered without procedure, clerk adding or taking away commits offense of illegal alteration of order.

Page 8

#23-30264

## Arguments

When plaintiff made his IFP affidavit on 6-26-2023, he filed it in both the USDC and Court of Appeals; when the USDC failed to approve its copy within time allowed, Fed. R. App. P 30.14, Court of Appeals should have approved its copy by default, and not delay appeal by remand on 12-14, 2023. Brief was not premature, IFP affidavit approval was late, halting briefing is delay of justice.

Court's letter on January 31, 2024 exempting parties unrepresented by counsels at the USDC, from responding, accepting service is obstruction of justice and should be condemned. Proper thing is to advise such to get attorney, or pay for demand by plaintiff. LSA C.C. Part 1001, FRCP Rule 55(a)

Court of appeals should review all records on appeal, according to rules and procedure set for the lower court for practice and not make rules inconsistent with those practiced at the lower court.

Court of appeal is bound by law to dispense justice and uphold the truth, it should not deceive litigants by giving them wrong information. Letter of February 01, 2024 from clerk of Court of appeals and judgment and order of February 29, 2024 reiterated by reference and made part hereof. When court told appellant on February 01, 2024 that his affidavit had been denied, it was not denied until 2-29-2024, thus information given him by the court was false.

Page 9

23-30264

## Conclusion

Justice is based on nothing but the whole truth; Court has a duty to examine legal evidence, and when when the plaintiff had made a prima facie case, to give judgment and not pervert justice. Here plaintiff's default judgments had no legitimate opposition, nor show of meritorious grounds to set same aside. The Court (USDC) intend to pervert justice, when it used suppression of evidence, unsigned pleadings, perjury, and unauthorized use of summary judgments, and orders to dismiss plaintiff's default judgments; persons involved in the illegal proceedure are felons, and should be removed; because they suppressed felony and matters in controversy which defendants gained exceed five hundred ($500.00) Dollars. (See Appellants brief of August 30, 2023 p.4 (2c, 2d, & p.5 (2dii, 2e, 3gii) reiterated by ref. and made part hereof as Exh. P-App. "G")

Plaintiff's appeal of such vices was neither frivolous, nor taken in bad faith; he should be given the opportunity to do justice to his case by granting him in forma pauperis statute.

Wherefore plaintiff-appellant pray for relief as stated on page III of his alternative writ of mandamus herein.

Respectfully Submitted By

[signature]

DODIYI J. WILLIAMWEST

Page 10

#23-30264

## Verification

I hereby verify that the above and foregoing writ of mandamus is made to the best of my knowledge and belief; that copies had been forwarded to appellees listed below by depositing same in the US Postal Services, postage prepaid, and properly addressed this 2nd day of July, 2024.

1. HANO/Dossette
   4100 Touro St.
   NOLA 70122

2. George Angelus
   700 Camp Street
   NOLA 70130

3. James L. Donovan Jr.
   4640 Rye Street
   Metairie, LA 70006

4. Blake J. Arcuri
   1615 Poydras Street
   NOLA 70112

5. Crescent Moon, Inc.
   809 Decatur St.
   NOLA 70116-3305

6. NOLA Green Roots
   11201 Old Gentilly Rd
   NOLA 70129-7401

7. Ms Chunita H. Hansell
   650 Poydras St., Ste 1707
   N.O. LA 70130

8. Ms Donesia D. Turner
   1300 Perdido St., Rm 5E03
   N.O LA 70112

9. Freeman R. Matthews
   464 Glendale Dr
   Metairie, LA 70001

10. Bailey A. Juhas
    1450 Poydras St, ste 900
    NO LA 70112

11. Adrian Kemal Alpay
    1885 N. Third St., 3rd floor
    Baton Rouge, LA 70802

12. Jonathan H. Adams
    5213 Airline Dr
    Metairie, LA 70001

13. Lafayette Process Servers/James Whittow
    4141 Veterans Blvd, Ste 102
    Metairie, LA 70002

* Clerk of Court, please make copies and serve appellees not listed above. — Thanks

Page 11



Apostle Dodaryl J. Williamsreff
P.O. Box 498
Jackson, LA 70748

Clerk of Court
United States Court of Appeals
Fifth Circuit
600 S. Maestri Place, Ste 115
New Orleans, LA 70130